## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUDI R. READY, | DOCKET NUMBER |
| Appellant, | DE-0843-19-0010-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: June 13, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Judi R. Ready, Salida, Colorado, pro se.

Jane Bancroft and Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM), denying her application for a former spouse survivor annuity. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant's former husband, Mr. Hommertzheim, retired while the couple was still married, and elected for her to receive a Federal Employees' Retirement System (FERS) survivor annuity upon his death. Initial Appeal File (IAF), Tab 9 at 31, 35. The couple subsequently entered into an October 2013 separation agreement that was silent about the award of a survivor annuity to the appellant. *Id.* at 21-25. The Chaffee County District Court in Colorado issued a November 13, 2013 Decree of Dissolution of Marriage that incorporated the couple's October 2013 separation agreement. *Id.* at 27-29. On January 6, 2014, that court issued a Court Order Acceptable for Processing, which addressed the appellant's entitlements to her ex-husband's FERS benefits. *Id.* at 16-20. Specifically, the order assigned to the appellant 50% of Mr. Hommertzheim's gross monthly annuity. *Id.* at 17.

The order more generally stated that the appellant is entitled to a portion of Mr. Hommertzheim's FERS benefits, which could include "a portion of the [his]

Annuity, a Refund of Employee Contributions[,] or . . . a Survivor Annuity to the Former Spouse." *Id.* at 16. Although the order recognized the possibility of a survivor annuity, it did not award one. *Id.* at 16-20.

The appellant filed the court order with OPM, and, as set forth in the order, OPM approved her receipt of 50% of her former spouse's gross annuity benefit. IAF, Tab 9 at 14-15, Tab 12 at 5. OPM advised her that the order made no reference to a survivor annuity award. IAF, Tab 9 at 14.

The parties do not dispute that Mr. Hommertzheim received annual notices from OPM in, as pertinent here, December 2012, December 2013, and December 2014. IAF, Tab 14 at 4, Tab 18, Initial Decision (ID) at 5. Those notices explained to him that, if he had previously elected a survivor annuity for his then-spouse, it "terminate[d] upon . . . divorce," and "a new survivor election [was] required within 2 years after the divorce if [he] wish[ed] to provide a former spouse [survivor] annuity." IAF, Tab 14 at 7. He made no new election. IAF, Tab 9 at 5, 8.

Mr. Hommertzheim died in November 2017. IAF, Tab 1 at 4, Tab 9 at 5. The appellant filed an application with OPM for former spouse survivor annuity benefits, and OPM denied the request in an initial and then a reconsideration decision. IAF, Tab 9 at 5-9, 13.

The appellant filed this appeal, disputing OPM's determination that she was not entitled to an annuity. IAF, Tab 1. The administrative judge held a telephonic hearing. IAF, Tab 17. She affirmed OPM's reconsideration decision, reasoning that the appellant's right to a survivor annuity terminated with her divorce from Mr. Hommertzheim, and none of the court decrees in the record expressly provided, or could fairly be read as awarding, a survivor annuity. ID at 4-5. Although the administrative judge found it undisputed that OPM continued to reduce Mr. Hommertzheim's monthly annuity payments after the divorce, she also found that he received OPM's annual notices advising him of the need to make a former spouse survivor annuity election within 2 years of the

divorce. ID at 5. Thus, because Mr. Hommertzheim made no such election, the administrative judge found that OPM properly denied the appellant's survivor annuity application. ID at 6.

The appellant has filed a petition for review in which she alleges that her former spouse elected a survivor annuity for her and OPM lost the documentation. Petition for Review (PFR) File, Tab 1 at 6. She also asserts that OPM reduced her former spouse's annuity payments to fund her annuity but has not "offered or awarded [her] back pay for those amounts." *Id.* OPM has filed a response to the appellant's petition for review. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's right to a survivor annuity as a former spouse is governed by the portion of FERS codified at 5 U.S.C. § 8445. That section provides that a former spouse of a deceased employee is entitled to a survivor annuity "if and to the extent expressly provided for" in either (1) an election under 5 U.S.C. § 8417(b) or (2) "the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8445(a). Although the "expressly provided for" provision of § 8445(a) does not require the use of "magic words," the intent to provide a survivor annuity must be clear, definite, explicit, plain, direct, and unmistakable, not dubious or ambiguous. *See Holzman v. Office of Personnel Management*, 62 M.S.P.R. 254, 257 (1994) (interpreting identical language found in 5 U.S.C. § 8341(h)(1)), *aff'd per curiam*, 48 F.3d 1237 (Fed. Cir. 1995) (Table)). The court order "must specify that it is awarding a former spouse survivor annuity" by using terms such as "survivor annuity" or "death benefits," and by stating that the former spouse is to receive survivor annuity benefits or that the retiree is to maintain those benefits. 5 C.F.R. §§ 838.804(b), 838.912(a)-(b).

The administrative judge found, and the parties do not dispute on review, that the divorce agreement did not provide for a survivor annuity. ID at 4. We

agree that the court order that the appellant presented did not expressly state that the appellant was entitled to, or direct Mr. Hommertzheim to provide, a former spouse annuity as required by the statute. IAF, Tab 9 at 16-20. Thus, we discern no basis to disturb this finding.

The administrative judge also found that Mr. Hommertzheim did not make a post-divorce election of a survivor annuity for the appellant. ID at 5. In her petition for review, the appellant again contends that Mr. Hommertzheim did so. PFR File, Tab 1 at 6; IAF, Tab 12 at 1-2. She has provided no additional support for her assertion.[2] PFR File, Tab 1 at 6; IAF, Tab 12 at 1-2. Below, she stated during her testimony that her spouse told her he would elect the survivor annuity, and "he told [her] he took care of it." IAF, Tab 17, Hearing Recording (testimony of the appellant). However, she testified that she had no knowledge as to whether he carried through with these assurances. *Id.* Under these circumstances, we agree with the administrative judge that the appellant did not meet her burden to prove that Mr. Hommertzheim made the necessary election. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (explaining that the burden of proving entitlement to a survivor annuity is on the applicant for benefits).

It is undisputed that Mr. Hommertzheim received annual notices sent to all annuitants by OPM informing him of his right to make an election for a former spouse survivor annuity. IAF, Tab 14; ID at 5. OPM must notify each Civil Service Retirement System (CSRS) annuitant annually of his former spouse survivor annuity election rights. 5 U.S.C. § 8339 note; *see Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶ 5 (2002) (explaining OPM's

---

[2] The appellant argues on review that OPM lost the document reflecting Mr. Hommertzheim's election. PFR File, Tab 1 at 6. She did not raise this claim below. IAF, Tab 12 at 1-2, Tab 17, Hearing Recording (testimony of the appellant). The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has made no such showing. Therefore, we have not considered her new argument here.

obligation to notify CSRS annuitants annually of their survivor annuity election rights under 5 U.S.C. § 8339(j) and (k)(2)). There is no corresponding requirement under FERS, but OPM nevertheless sends the notice to all annuitants. IAF, Tab 14 at 4; *compare* 5 U.S.C. § 8339 note (requiring annual notification of a retiree's right to elect a former spouse annuity under CSRS), *and* 5 C.F.R. § 831.681 (same), *with* 5 U.S.C. § 8417(b) (permitting a retiree to elect to provide a former spouse survivor annuity under FERS without mention of an OPM notice requirement), *and* 5 C.F.R. § 842.611 (same). Regardless of whether it was required to do so, the administrative judge found that OPM provided adequate notice to Mr. Hommertzheim of his right to elect to provide a former spouse survivor annuity and he did not do so. ID at 4-5. We decline to disturb these findings. IAF, Tab 4 at 7; *see Holder v. Office of Personnel Management*, 47 F.3d 412, 415 (Fed. Cir. 1995) (finding sufficient OPM's notice to an annuitant that if he was divorced, he had a specified time period to elect a former spouse survivor annuity under CSRS).

Both below and on review, the appellant observed that OPM "never . . . offered or awarded [her] back pay" representing the amount by which it reduced her ex-husband's annuity to provide the appellant with a survivor annuity. PFR File, Tab 1 at 6; IAF, Tab 1 at 4. The administrative judge failed to address this claim. Nonetheless, we find that her error was harmless. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). According to OPM notices that the appellant provided below, Mr. Hommertzheim's annuity payments were erroneously reduced to fund a survivor annuity for the appellant. IAF, Tab 1 at 5-6. The appellant may be seeking a lump-sum death benefit under 5 U.S.C. § 8424(c)-(d). However, we lack jurisdiction to consider such a claim, because the appellant has not alleged that she either requested or received a final decision

from OPM regarding a lump-sum benefit.[3] IAF, Tab 9 at 5-9, 15, Tab 11; *see Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013) (explaining the Board generally has jurisdiction over retirement issues only once OPM has issued a reconsideration decision).

Accordingly, we affirm the initial decision.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Should the appellant wish to file a new appeal raising this claim, she may do so. We express no opinion regarding the Board's jurisdiction over, or the timeliness of, such an appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.